FILED IN THE DISTRICT COURT
ROGERS COUNTY OKLAHOMA

## IN THE DISTRICT COURT OF ROGERS COUNTY
## STATE OF OKLAHOMA

DEC 13 2017

KIM HENRY, COURT CLERK

_____
DEPUTY

BRANDI R. HAMBLETON,              )
    Plaintiff,                         )
                                )
                                 )    Case No. CJ-2017-517
v.                                )
EMINENT SPINE, L.L.C., a foreign limited   )
liability company, and            )
RON OMEN, individually.           )
                                 )
    Defendants.                       )

## PETITION

The Plaintiff BRANDI R. HAMBLETON (Plaintiff) hereby submits her Petition against EMINENT SPINE, L.L.C., (Eminent Spine) a foreign limited liability company and RON OMEN (Omen) individually.   In support thereof, Plaintiff alleges and states as follows:

1.     Plaintiff is an individual who resides in Tulsa County, Oklahoma and resided in Rogers County Oklahoma during the events at issue in this action.

2.     Defendant Eminent Spine is a foreign limited liability company, headquartered in Texas and doing business throughout the United States, including Rogers County, Oklahoma.

3.     Defendant Omen was a supervisor of Eminent Spine.

4.     Eminent Spine is a privately held company established in 2008 and Eminent Spine produces biomechanical medical devices.   Eminent Spine on its website advertises as "offer[ing] quality products at a significantly

1



EXHIBIT
6

lower cost that benefits everyone in healthcare from the doctors and hospitals to the patients themselves."

5.      In January 2015 Plaintiff was employed by Eminent Spine as a Medical Sales Representative.

6.      Beginning in July of 2015, Defendant Omen, who was a sales manager for Eminent Spine, began a pattern of sexual harassing Plaintiff in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e et seq. ("Title VII")by creating a hostile work environment as well as engaging in quid-pro-quo sexual harassment. Many of the communications were received by Plaintiff in Rogers County and Eminent Spine does business in Rogers County.

7.      Defendant Omen was Plaintiff's trainer and Sales Manager and Plaintiff reported directly to Defendant Omen.

## COUNT I - TITLE VII-SEXUAL HARASSMENT AND RETALIATION

8.      Plaintiff was discriminated against on basis of her gender in violation of Title VII. This discrimination includes Plaintiff being subjected to sexual harassment when Defendant Omen submitted unwelcome advances toward Plaintiff and suggested that her job was dependent on submission. Omen sent inappropriate texts to Plaintiff, including, but not limited, to stating he was thinking about her late at night and asking for Plaintiff to send him  photographs of her wearing a bikini, telling her to take a pool day and he would like to see her in her bikini, repeatedly requiring that

she meet him at his hotel room at late hours of night while on work related trips, requiring that she go out drinking with him, substituting her water for alcohol drinks, on business trips, touching her repeatedly without her consent, and propositioning her by asking her to spend the night in his hotel room. Further, Omen referred to women as b**ches, stupid b**ches, c**ts and stated that women were only good for one thing. Further, Omen commented to Plaintiff about how long her legs were and how Omen "bet[s] guys love having your long legs wrapped around them." Omen continued by stating "I've never been with a tall girl like you." In May of 2016 while in Tulsa, Oklahoma, Plaintiff was terminated by Defendants for a pretextual reason of not making her sales. Plaintiff was in fact terminated for not submitting to the sexual advances of Omen.

9.  Eminent Spine created a climate where supervisor's sexual harassment was tolerated, sexual harassment was common place contrary to any written policy that may have existed. Eminent Spine was aware of the sexual harassment and was aware of the disproportionate power among supervisors and inferior co-workers. The termination of Plaintiff is in contravention of Title VII in that Plaintiff was subjected to a hostile work environment and Plaintiff was discriminated against on the basis of her gender and sustained an adverse employment action in that she was terminated and had to undergo the hostile work environment.

3

Additionally, Plaintiff was retaliated against for complaining about the sexual harassment and discrimination and her complaining about the sexual harassment and discrimination was a significant motivating factor in her termination.

10.   In addition to sexual harassment under Title VII, Defendant Eminent Spine was aware of the dangerous propensities of Omen and moreover Omen was a supervisor and Eminent Spine is liable under the negligence component of Title VII.

11.   Defendant has received a right to sue letter from the EEOC and has fully preserved her claims under Title VII.

12.   Plaintiff was discriminated against based on her gender in violation of Title VII by Defendant because Defendant allowed a hostile work environment to exist by failure to remedy a known sexual harassment.

13.   Plaintiff complained to another supervisor about Omen's conduct, she also resisted his improper advances and requested to another supervisor that she work only with another supervisor and informed Omen that she would no longer work with him.   In retaliation of this conduct, Plaintiff was terminated.

14.   As a result of Eminent Spine's conduct, Plaintiff has sustained damages in excess of $75,000.00.

15.   Eminent Spine has acted with reckless disregard for the rights of Plaintiff and as such, punitive damages should be assessed.

## COUNT II - NEGLIGENCE STATE CLAIM-EMINENT SPINE

16. In support of count II, Plaintiff restates and realleges the foregoing allegations.

17. Additionally, and/or alternatively, Eminent Spine was aware of the propensities of Omen, failed to properly train Omen and had a negligent policy.

18. Plaintiff was terminated as a result of the negligence and Plaintiff was sexually harassed as a result of the negligence.

19. Defendants were aware of the sexual harassment and failed to reasonably prevent it.

20. As a result of Eminent Spine's conduct, Plaintiff has sustained damages in excess of $75,000.00.

21. Punitive damages in excess of $10,000.00 should be assessed against Eminent Spine.

## COUNT III - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS-BOTH DEFENDANTS

22. In support of this Count, Plaintiff realleges and restates the foregoing allegations.   Additionally, Plaintiff alleges:

23. Defendants engaged in extreme and outrageous conduct as set forth above.   This includes engaging in the underlying harassment and thereafter terminating Plaintiff.   That Plaintiff suffered constant and

5

pervasive fear, shame, and humiliation, undue stress related to the possibility of losing her position due to the intentional acts of the Defendants.

24.   As a result of the conduct of Defendnats, Plaintiff has sustained actual damages in excess of $75,000.00.

25.   Punitive damages in excess of $10,000.00 should be assessed against Defendants.

## COUNT IV - MALICOUS INTERFERENCE WITH A CONTRACTUAL RELATIONSHIO-DEFENDANT OMEN

26.   In support of this Count, Plaintiff realleges and restates the previous allegations set forth above.   Additionally, Plaintiff alleges, Omen acted with ill-will, spite and contrary to the interests of Eminent Spine.

27.   Omen maliciously interfered with Plaintiff's contractual relationship with Eminent Spine without legal justification or privilege to obscure his own unlawful conduct and to by terminating Plaintiff as set forth above.

28.   Defendants actions resulted in Plaintiff sustaining past and future damages, including but not limited to, $3,500.00 per month salary, commissions due, and out-of-pocket expenses related to her employment.

29.   As a result of Omen's conduct, Plaintiff has sustained damages in excess of $75,000.00.

30.   Punitive damages in excess of $10,000.00 should be assessed against Omen.

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests an award of actual damages in excess of $75,000.00, an award of punitive damages in excess of $10,000.00, the costs of this action, a reasonable amount of attorney fees, pre and post judgment interest and any other and further relief this Court deems proper.


Brendan M. McHugh, OBA #18427
P.O. Box 1392
Claremore, OK 74018
(918) 608-0111
Fax: (918) 803-4910

And

Brian R. Danker, OBA #16638
PO Box 1413
Inola, Oklahoma 74036
(954) 774-4481
Fax: 1(800)671-5690
Email: briandanker@dankerlaw.com

*ATTORNEYS FOR PLAINTIFF*

**JURY TRIAL DEMANDED**

**ATTORNEY LIEN CLAIMED**

7

## VERIFICATION

STATE OF OKLAHOMA           )
                            )      ss.
COUNTY OF ROGERS            )

Brandi R. Hambleton, of lawful age, pursuant to 12 O.S. § 426, state under penalty of perjury that I am the above named.  I have read the Petition to be filed on my behalf and state that all statements contained therein are true and correct according to the best of my knowledge, information and belief.

_Brandi Hambleton_
Signature

_BRANDI HAMBLETON_
Printed name

Dated this 12 day of 13 2017

I, Kim Henry, Court Clerk to Rogers County, Oklahoma hereby certify that the foregoing is a true and correct and full copy of the instrument herewith set out as appears of record in the Court Clerk's Office of Rogers County Oklahoma this _____ day of _January_ 20___

By _____
            DEPUTY

Kim Henry
COURT CLERK