# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

BRANDI R. HAMBLETON,                )
                                    )
            Plaintiff,         )
                                    )
v.                                  )   Case No. 18-CV-0038-CVE-FHM
                                    )
EMINENT SPINE, LLC, and             )
RON OMAN,                           )
                                    )
            Defendants.        )

## OPINION AND ORDER

Now before the Court is defendants Eminent Spine, LLC's, and Ron Oman's motion to dismiss for improper venue or, in the alternative, to transfer venue (Dkt. # 21). Plaintiff has filed a response (Dkt. # 22) and defendants have replied (Dkt. # 24).

## I.

Plaintiff Brandi R. Hambleton resides in Tulsa County, Oklahoma and resided in Rogers County, Oklahoma when a substantial part of the events giving rise to her claims allegedly took place. Dkt. # 2-7, at 1. Eminent Spine, an eleven-person company that produces biomechanical medical devices, has its sole office in Georgetown, Texas. Dkt. # 21-1, at 1. For over five years, Oman has been Eminent Spine's sales manager. Id. at 2.

In January 2015, Eminent Spine hired plaintiff as a medical sales trainee. Dkt. # 2-7, at 2. At that time, she moved to The Colony, Texas, to train and learn about Eminent Spine's products. Dkt. # 21-1, at 2. In April 2015, Eminent Spine hired plaintiff as a salesperson. Id. Thereafter, she worked for Eminent Spine in the Dallas/Forth Worth area for approximately two months, then in

Slidell, Louisiana for a short period of time, then, finally, in Claremore, Oklahoma (where she is from and has family connections). Id.

While working in Claremore, Oklahoma, plaintiff secured the use of Eminent Spine's products for a surgery at Claremore Indian Hospital. Dkt. # 22, at 3.[1] In addition, plaintiff alleges that Oman made numerous, sexually suggestive and harassing calls to her residence in Claremore and traveled to Tulsa to meet her at a hotel, where he terminated her employment after, according to plaintiff, she rebuffed his sexual advances. Id.

On December 18, 2017, plaintiff filed her petition in the District Court of Rogers County, State of Oklahoma, alleging four claims: sexual harassment and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. against both defendants (count one); negligence against Eminent Spine (count two); intentional infliction of emotional distress against both defendants (count three); and malicious interference with a contractual relationship against Oman (count four). Dkt. # 2-7. On January 16, 2018, defendants removed this case to this Court. Dkt. # 2.

## II.

Defendants' motion to dismiss for improper venue falls under Fed. R. Civ. P. 12(b)(3). In the Tenth Circuit, "it has long been held" that Title VII's special venue provision, rather than the general venue statute, "governs venue in Title VII actions." Pierce v. Shorty Small's of Branson Inc., 137 F.3d 1190, 1191 (10th Cir. 1998). This provision reads in pertinent part:

> Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained

---

[1] In her response to defendants' motion, plaintiff, for the first time, claims she is owed a commission on this sale. Id. In their reply brief, defendants deny this allegation. Dkt. # 24, at 2.

2

and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office. For purposes of sections 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought.

42 U.S.C. § 2000e-5(f)(3) (emphasis added).

Defendants argue that venue is improper in the Northern District of Oklahoma because the unlawful employment practice plaintiff complains of is not alleged to have occurred in this district, Eminent Spine's employment records are maintained in Texas, and this district is not the judicial district in which plaintiff would have worked but for the alleged unlawful employment practice. Dkt. # 21, at 5-6. Plaintiff responds that venue is proper here because Oman sexually harassed and retaliated against her in Oklahoma, and, accordingly, venue is proper in any district in the state, including the Northern District. Dkt. # 22, at 6.

The Court finds that venue is clearly proper in this district. Defendants cast 42 U.S.C. § 2000e-5(f)(3) as requiring the satisfaction of three conditions for venue to be proper in a given district. But this is not so. Immediately prior to listing the third condition that renders venue proper, the statute includes the word "or." Obviously, this indicates that a party need satisfy only one of the three conditions listed. And, with respect to her Title VII claim, plaintiff has done so. In fact, she has satisfied two conditions: she clearly alleges that Oman unlawfully harassed and retaliated against her in Oklahoma, and that she would have worked there but for Oman's unlawful termination of

3

her.² Accordingly, defendants' motion to dismiss or, in the alternative, to transfer venue (Dkt. # 21) is **denied** as to dismissal for improper venue.

**III.**

As to defendants' motion to transfer venue, under 28 U.S.C. § 1404 a court may transfer a case to any judicial district in which it could originally have been filed "[f]or the convenience of parties and witnesses." The Tenth Circuit has identified several factors that a district court should consider in ruling on a motion to transfer:

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws, the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.

Chrysler Credit Corp. v. Country Chrysler, Inc., 928 F.2d 1509, 1516 (10th Cir. 1991). When a party files a motion to transfer venue, the moving party has the burden to prove inconvenience to

---

2   In their reply brief, in response to plaintiff raising the issue in her response, defendants argue that venue is improper, under the general venue statute, 28 U.S.C. § 1391(c), for plaintiff's state law claims. Dkt. # 22, at 6-7; Dkt. # 24, at 4-5. The Court finds, however, that it is unnecessary to independently assess whether venue is proper, under § 1391(c), for plaintiff's state law claims. Although the Tenth Circuit has not provided definitive guidance on the practice, district courts in the Tenth Circuit routinely exercise pendent venue–which is analogous to the doctrine of supplemental jurisdiction—over state law claims arising from the same nucleus of operative facts as a properly venued federal claim. See e.g., Premier Group, Inc. v. Bolingbroke, 2015 WL 4512313, at *9 (D. Colo. July 27, 2015); Schlottman v. Unit Drilling Co., LLC, 2009 WL 414054, at *2 (W.D. Okla. Feb 18, 2009) (quoting Bishop v. Okla. ex rel. Edmondson, 447 F. Supp. 2d 1239, 1254-55 (N.D. Okla. 2006)). Thus, having found that venue is proper for plaintiff's Title VII claim, and being satisfied that plaintiff's state law claims arise from the same nucleus of operative facts, the Court, pursuant to the doctrine of pendent venue, finds that venue is proper for plaintiff's state law claims.

the parties and witnesses. Rivendell Forest Prods., Ltd., v. Canadian Pacific Ltd., 2 F.3d 990, 993 (10th Cir. 1993). Unless the moving party carries its burden to prove inconvenience to the parties and witnesses and the balance is "strongly" in favor of the moving party, the plaintiff's choice of forum should not be disturbed. Scheidt, 956 F.2d at 965. "Merely shifting the inconvenience from one side to the other . . . obviously is not a permissible justification for a change of venue." Id.

Defendants argue that this case should be transferred to the Western District of Texas because the documentary evidence and almost all of the witnesses are located in Texas. Dkt. # 21, at 8. Defendants add that because Eminent Spine has only eleven employees, having multiple employees out of state for depositions or trial will be an undue hardship on the company. Id. Plaintiff responds that the case should remain in this district because it is her chosen forum, the employment records in this case are likely all digital, and defendants' argument regarding the hardship that calling witnesses may cause is mere speculation. Dkt. # 22, at 9.

The Court finds that defendants' motion to transfer should be denied. The record thus far suggests that defendants will likely have to require a few individuals who reside in Texas to testify by deposition or at trial. But defendants do not represent that they anticipate having to call a great number of witnesses (specifically, defendants identify four potential witnesses. See Dkt. # 24, at 7). Moreover, although it may be somewhat of a burden on Eminent Spine to have a few employees out of state to participate in this litigation, Eminent Spine chose to allow plaintiff to remain employed in Oklahoma to sell its products and, as such, should have reasonably expected to be haled into court here. Additionally, defendants do not controvert plaintiff's contention that the documentary evidence is likely all digital. Accordingly, even though litigating this case in this district may indeed inconvenience defendants somewhat more than it does plaintiff, defendants have not met their

burden of demonstrating that the balance is strongly in their favor, such that transfer would amount to more than merely shifting inconvenience from one side to the other. Defendants' motion to dismiss or, in the alternative, to transfer venue (Dkt. # 21) is therefore **denied** as to transfer.

**IT IS THEREFORE ORDERED** that defendants Eminent Spine, LLC's, and Ron Oman's motion to dismiss for improper venue or, in the alternative, to transfer venue (Dkt. # 21) is **denied**.

**IT IS FURTHER ORDERED** that defendants shall file their answer(s) to the complaint no later than **April 13, 2018.**

**DATED** this 29th day of March, 2018.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE